## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

CATHERINE FIELDS on her own behalf and
on behalf of all others similarly situated,

      Plaintiff,

v.

SKYLER ZHANG, LLC,
NORRISH ZHANG, LLC,
NEW ERA FOOD, INC., and
MICHAEL ZHANG,

      Defendants.

_____

### CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

      Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1.     Defendants employed Plaintiff and those similarly situated in Defendants' Asian restaurants.

2.     Defendants refused to pay their employees overtime premiums for overtime hours worked.

3.     Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4.     Defendants also violated the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order

("COMPS"), 7 C.C.R. 1103-1(4.1), because the COMPS requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5.      Defendants also paid their employees less than the applicable Colorado minimum hourly wage.

6.      Defendants thus violated the MWA as implemented by the COMPS which requires employers to pay at least the Colorado minimum hourly wage to their employees. 7 C.C.R. 1103-1(3.1).

7.      Defendants also failed to provide their employees with rest periods during their shifts.

8.      Defendants thus violated the COMPS because it requires employers to provide their employees with a ten-minute rest period for each four-hour work period. 7 C.C.R. 1103-1(5.2).

9.      Defendants also committed theft when they took tips from their employees in violation of Colorado statutory and common law. C.R.S. §§ 18-4-401 *et seq.*

10.     Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

11.     Defendants also violated the anti-retaliation provisions of the FLSA (29 U.S.C. § 215(a)(3)), the CWCA (C.R.S. § 8-4-120), and the COMPS (7 CCR 1103-1(8.5)) when they prohibited Plaintiff from working after they learned she had spoken with an attorney about her wage rights.

12.     Plaintiff seeks, on her own behalf and on behalf of all others similarly situated, actual

and liquidated damages, compensatory damages, disgorgement, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal wage law.

13.    Plaintiff seeks, on her own behalf only, actual and liquidated damages, compensatory damages, and punitive damages for Defendants' willful violations of state and federal anti-retaliation law.

## PARTIES, JURISDICTION, AND VENUE

14.    Plaintiff Catherine Fields was employed by Defendants from approximately November, 2021 through approximately September, 2022. Plaintiff Field's signed FLSA Consent to Sue Form is attached hereto as Exhibit 1.

15.    Skyler Zhang, LLC is a registered Colorado limited liability company with a principal street address of 901 Highway 133, Unit F, Carbondale, Colorado 81623.

16.    Norrish Zhang, LLC is a registered Colorado limited liability company with a principal street address of 721 Grand Ave., Glenwood Springs, Colorado 81601.

17.    New Era Food, Inc. is a registered Colorado corporation with a principal street address of 1605 Grand Ave., Ste, A, Glenwood Springs, Colorado 81601.

18.    Defendant Michael Zhang is an owner and manager of the enterprise made up by Skyler Zhang, LLC (d/b/a "Ming's Carbondale"), Norrish Zhang, LLC (d/b/a "Ming's Glenwood"), and New Era Food, Inc. (d/b/a "Taipei Tokyo Glenwood," d/b/a "Kanpai," and "Ming's Café").

19.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

20.     Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the COMPS, the CWCA, Colorado's Theft Statute, and Colorado common law. 28 U.S.C. § 1367.

21.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

22.     Defendants do and did employ Plaintiff and those similarly situated in Defendants' Asian restaurants in Glenwood Springs and Carbondale, Colorado.

23.     Defendants refused to pay their employees overtime wages for overtime hours worked, refused to pay them at least the Colorado minimum hourly wage, refused to provide them with a 10-minute rest periods, stole their tips, and retaliated against Plaintiff when she took action to address these violations.

24.     **Overtime Violations:**

    a.  Defendants paid their tipped employees less than the required overtime rate for overtime hours worked. For example, during the two-week pay periods running from December 26, 2021 through January 8, 2022 and June 12, 2022 through June 25, 2022, Defendants paid Plaintiff Fields only $14.31 per hour for each overtime hour worked, rather than the required $15.82 for each overtime hour.

    b.  Defendants refused to pay their employees overtime wages when such employees worked more than 40 hours per week in the aggregate across Defendants' locations. For example, during the two-week pay period running from March 20, 2022 through April 2, 2022, one of Defendants' cooks worked 24.10 hours at Defendants' Ming's Carbondale location, and 66.25 hours at Defendants' Ming's

Glenwood location, for a total of 90.35 hours. He was not paid overtime for any hours during this pay period.

c. Defendants refused to pay their kitchen workers overtime premiums for their overtime hours worked. Rather, Defendants paid their kitchen workers a flat salary regardless of the number of hours they worked. For example, during the statutory period, kitchen workers at the Glenwood location regularly worked 6 days per week, from 10:00 a.m. until 9:30 p.m., for a total of 69 hours per week, with no overtime compensation.

25.   Defendants subjected all their employees to the same policy and practice of failing to pay overtime wages for overtime hours worked.

26.   **<u>Minimum Wage Violations</u>:**

a. Defendants required their servers to participate in a "tip pool" wherein they were required to share their tips with non-tipped kitchen workers, managers, and the "house." Because the tip pool unlawfully included non-tipped workers and the employers themselves, and because Defendants failed to notify their patrons in writing of the tip pooling arrangement, Defendants' payment of sub-minimum wages to their employees was unlawful.

b. Defendants paid their employees sub-minimum wages for substantial time spent performing work that did not directly support tipped work. For example, Defendants required hosts to clean bathrooms,  required servers to sweep and mop floors, to wash windows, to clean air conditioning units, and to scrub bar sinks. Defendants even required servers to travel to the grocery store to purchase supplies for the restaurants and required bussers to clean up a sewage leak, all for

sub-minimum wages. These tasks regularly took more than 30 minutes per shift.

27.     Defendants subjected all their employees to the same policy and practice of failing to pay minimum hourly wages.

28.     Defendants also failed to provide Plaintiff and those similarly situated with compensated 10-minute break periods for each 4-hour work period.

29.     Defendants also stole a portion of their employees' tips. Defendants used the stolen tips for improper purposes including paying their kitchen staff and managers and taking a portion of the stolen tips for themselves. For example, after the dinner shift at the Glenwood location on August 14, 2022, Defendants took $12 of their servers' tips to pay Defendants' kitchen workers, and took $36 of their servers' tips for Defendants themselves.

30.     Defendants subjected all their tipped employees to the same policy and practice of stealing a portion of their tips.

31.     Defendants unjustly received a benefit when they took a portion of their employees' tips. Because Defendants' taking of a portion of their employees' tips was unlawful, it would be unjust for Defendants to retain the benefit of the stolen tips.

32.     Defendants subjected all their tipped employees to the same policy and practice of unjustly retaining a portion of their tips.

33.     When Defendant Michael Zhang learned that Plaintiff had spoken with an attorney regarding Defendants' violations of state and federal wage law, he instructed one of the restaurant's managers not to allow Plaintiff to work at the restaurants anymore.

34.     Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

35.     Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

36.     Defendant Michael Zhang, at all material times, exercised operational control and financial control over the Ming's enterprise and exercised control over Ming's employees' terms and conditions of employment. For example, Defendant Zhang set cooks' schedules, directed employees as to their job duties, participated in the hiring and firing of employees, set employee pay rates, and made important financial decisions regarding the enterprise.

37.     Plaintiff hereby demands, on her own behalf and on behalf of all others similarly situated who have been separated from employment with Defendants, payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

### § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

38.     Plaintiff brings her First Claim pursuant to the FLSA as a collective action, per 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "FLSA Collective" as encompassing:

     All employees who worked on or after November 18, 2019.

39.     The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

40.     All potential collective action Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of avoiding overtime wage payments.

### RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM

41.     Plaintiff asserts her Second Claim, brought under the COMPS, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

42.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "COMPS Class" as follows:

All employees who worked on or after November 18, 2016.

43.     This action is properly brought as a class action for the following reasons.

44.     Defendants failed to pay all their employees overtime wages for overtime hours worked, failed to pay their employee minimum wages, and failed to provide their employees with 10-minute rest periods each 4-hour work period.

45.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 100-150 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

46.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their employees overtime wages for overtime hours worked, whether Defendants failed to pay their employees minimum wages and

whether Defendants failed to provide their employees with 10-minute rest periods each 4-hour work period.

47.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime and minimum wages and failing to provide rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policies of failing to pay overtime and minimum wages and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

49.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

50.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

51.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

52.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

53.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

54.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

55.     It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

56.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

57.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM

58.     Plaintiff asserts her Third Claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

59.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Class" as follows:

  All separated employees who worked on or after November 18, 2019.

60.     This action is properly brought as a class action for the following reasons.

61.     Defendants failed to pay all their separated hourly employees all earned, vested and determinable wages upon their separation.

62.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-90 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

63.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their separated employees all earned, vested and determinable wages upon their separation from employment, whether Defendants received a written demand for wages due to all separated employees, and whether Defendants tendered any monies in response to that demand.

64.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay all earned, vested and determinable wages due upon employees' separation from employment. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of failing to pay all wages due

was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

65.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

66.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

67.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

68.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

69.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

70.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

71.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

72.     It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

73.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

74.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

<u>**RULE 23 CLASS ALLEGATIONS AS TO THE FOURTH CLAIM**</u>

75.     Plaintiff asserts her Fourth Claim, brought under the Colorado Theft Statute, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

76.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Tip Theft Class" as follows:

All employees who worked on or after November 18, 2016.

77.     This action is properly brought as a class action for the following reasons.

78.     Defendants stole tips from all their tipped employees.

79.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is

within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 100-150 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

80.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants obtained, retained and/or exercised control over their tipped employees' tips and whether Defendants intended to permanently deprive their tipped employees of those tips.

81.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer taking its employees' tips. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of taking tips from its employees was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

82.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

83.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

84.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

85.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

86.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the Colorado Theft Statute counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

87.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

88.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

89.     It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

90.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

91.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were

employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## RULE 23 CLASS ALLEGATIONS AS TO THE FIFTH CLAIM

92.     Plaintiff asserts her Fifth Claim, brought pursuant Colorado unjust enrichment law, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

93.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Unjust Enrichment Class" as follows:

All tipped employees who worked on or after November 18, 2019.

94.     This action is properly brought as a class action for the following reasons.

95.     Defendants stole tips from all their tipped employees and retained the benefit of those stolen tips.

96.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-90 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

97.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants received the benefit of a portion of their tipped employees' tips at those employees' expense, and whether Defendants' retention of such benefit would be unjust.

98.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer taking its employees' tips. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policy of taking and retaining a portion of its employees' tips was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

99.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

100.    The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

101.    The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

102.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

103.    Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad

remedial purpose of the Colorado unjust enrichment law counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

104.    Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

105.    Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

106.    It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

107.    This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

108.    The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

109.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

110.    Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

111.    Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

112.    Defendants "employed" the Plaintiff and others as that term is defined by the FLSA.

29 U.S.C. § 203(g).

113.     Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

114.     Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

115.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

116.     Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

117.     Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime and Minimum Wages and Failure to Provide Rest Periods
### Violation of the COMPS (7 CCR 1103-1)

118.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

119.     As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

120.     Defendants were Plaintiff's and others' "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

121.     Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

122.     Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the pre-COMPS Colorado Minimum Wage Orders ("MWOs"). 7 CCR 1103-1(2)(A).

123.     Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff

and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

124.    Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff and others minimum wages. 7 CCR 1103-1(3.1).

125.    Defendants violated the COMPS (and the MWOs) when they failed to provide Plaintiff and others with 10-minute rest periods for each 4-hour period worked. 7 CCR 1103-1(5.2).

126.    Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

127.    Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

128.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

129.    As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

130.    Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

131.    Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

132.    Defendants violated the CWCA when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

133.    Defendant incurred penalties under the CWCA if they failed to tender wages due

within 14 days of receipt of Plaintiff's demand for all wages due. C.R.S. § 8-4-109.

134.    As a result, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

135.    Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### FOURTH CLAIM - Stolen Tips
### Violation of Colorado's Theft Statute (C.R.S. §§ 18-4-401 *et seq.*)

136.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

137.    As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

138.    By taking a portion of their employees' tips to pay their kitchen workers, managers, and for Defendants themselves, Defendants knowingly obtained, retained and/or exercised control over a thing of value without authorization and/or by threat or deception and intended to and did permanently deprive their employees of the tips by using those monies to pay their kitchen workers, managers and themselves.

139.    Plaintiff and those similarly situated are therefore each entitled to the following pursuant to Colo. Rev. Stat. § 18-4-405: (i) $200 or three times the amount of actual damages sustained, whichever is greater; (ii) reasonable attorney's fees and costs; and (iii) other relief as allowed by law.

### FIFTH CLAIM – Stolen Tips
### Violation of Colorado Unjust Enrichment Law

140.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

141.    As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all

those similarly situated pursuant to Fed. R. Civ. P. 23.

142.    Defendants received the benefit of a portion of its tipped employees' tips at those employees' expense and Defendants' retention of the stolen tips would be unjust.

143.    Plaintiff and others have suffered lost tips and lost use of those tips in an amount to be determined at trial.

144.    Plaintiff and others are entitled to compensatory damages, including the disgorgement of their tips from Defendants.

145.    Plaintiff and others are entitled to such additional legal or equitable relief as may be appropriate.

### SIXTH CLAIM – Unlawful Retaliation
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

146.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

147.    Plaintiff was an "employee" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

148.    Defendants "employed" the Plaintiff as that term is defined by the FLSA.  29 U.S.C. § 203(g).

149.    Defendants were Plaintiff's "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

150.    Plaintiff engaged in activity protected by the anti-retaliation provisions of the FLSA. 29 U.S.C. §215(a)(3).

151.    Defendants violated the FLSA when they refused to allow Plaintiff to work after learning that she had consulted an attorney regarding her wage rights.

152.    Defendants' violations of the FLSA were willful, wanton, malicious, and were taken recklessly with willful disregard for Plaintiff's rights.

153.    Defendants engaged in outrageous conduct.

154.     Plaintiff is entitled to recover lost wages, punitive damages, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

155.     Plaintiff is entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3).  29 U.S.C. 216(b).

## SEVENTH CLAIM – Unlawful Retaliation
## Violation of the COMPS, 7 CCR 1103-1

156.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

157.     Defendants were Plaintiff's "employers" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

158.     Plaintiff was Defendants' "employee" as that term is defined by the COMPS because she performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

159.     Defendants violated the COMPS when they refused to permit Plaintiff to work after learning that she consulted an attorney regarding her wage rights. 7 CCR 1103-1(8.5).

160.     Defendants' violations of the COMPS were willful, wanton, malicious, and were taken recklessly with willful disregard for Plaintiff's rights.

161.     Defendants engaged in outrageous conduct.

162.     Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees and costs of suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

## EIGHTH CLAIM – Unlawful Retaliation
## Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

163.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

164.     Defendants were Plaintiff's "employers" as that term is defined by the CWCA because they employed Plaintiff in Colorado. C.R.S. § 8-4-101(6).

165.    Plaintiff was Defendants' "employees" as that term is defined by the CWCA because she performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

166.    Defendants violated the CWCA when they refused to permit Plaintiff to work after learning that she consulted an attorney regarding her wage rights. C.R.S. § 8-4-120.

167.    Defendants' violations of the CWCA were willful, wanton, malicious, and were taken recklessly with willful disregard for Plaintiff's rights.

168.    Defendants engaged in outrageous conduct.

169.    Plaintiff is entitled to back pay, front pay, reinstatement, compensatory damages, interest, penalties, liquidated damages, punitive damages, injunctive relief and attorney fees and costs. C.R.S. § 8-4-120.


**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

      a.   This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

      b.   She and the FLSA Collective members be awarded unpaid overtime premiums;

      c.   She and the FLSA Collective members be awarded liquidated damages as required by law;

      d.   She and the FLSA Collective members be awarded pre-judgment and post-judgment interest as permitted by law;

      e.   She and the FLSA Collective members be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

      f.   She and the FLSA Collective members be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM, that:

      a.   This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b.  She be certified as the class representative of the COMPS Class;

c.  Undersigned counsel be appointed Rule 23 class counsel;

d.  Prompt notice of this litigation be sent to all putative COMPS Class members;

e.  She and the COMPS Class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18);

f.  She be awarded a service award in recognition of her work as representative of the COMPS Class; and

g.  She and the COMPS Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her THIRD CLAIM, that:

a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b.  She be certified as the class representative of the CWCA Class;

c.  Undersigned counsel be appointed Rule 23 class counsel;

d.  Prompt notice of this litigation be sent to all putative CWCA Class members;

e.  She and the CWCA Class members be awarded the wages earned, vested and determinable wages they are due per C.R.S. § 8-4-109;

f.  She and the CWCA Class members be awarded statutory penalties per C.R.S. § 8-4-109;

g.  She and the CWCA Class members be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

h.  She be awarded a service award in recognition of her work as representative of the CWCA Class; and

i.  She and the CWCA Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her FOURTH CLAIM, that:

a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b.  She be certified as the class representative of the Tip Theft Class;

    c.   Undersigned counsel be appointed Rule 23 class counsel;

    d.   Prompt notice of this litigation be sent to all putative Tip Theft Class members;

    e.   She and the Tip Theft Class be awarded the greater of $200 or three times the amount of actual damages for each theft, together with attorney fees and costs of suit. C.R.S. § 18-4-405;

    f.   She be awarded a service award in recognition of her work as representative of the Tip Theft Class; and

    g.   She and the Tip Theft Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her FIFTH CLAIM, that:

    a.   This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b.   She be certified as the class representative of the Unjust Enrichment Class;

    c.   Undersigned counsel be appointed Rule 23 class counsel;

    d.   Prompt notice of this litigation be sent to all putative Unjust Enrichment Class members;

    e.   She and the Unjust Enrichment Class be awarded disgorgement of the tips Defendants took from them;

    f.   She be awarded a service award in recognition of her work as representative of the Tip Theft Class; and

    g.   She and the Tip Theft Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her SIXTH CLAIM, that:

    a.   She be awarded lost wages, punitive damages, liquidated damages, attorney fees and costs. 29 U.S. C. §216(b); and

    b.   She be awarded such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3).  29 U.S.C. 216(b).

And, as to her SEVENTH CLAIM, that:

    a.   She be awarded lost wages, punitive damages, attorney fees and costs.    7 CCR 1103-1(8.5) and

     b.   She be awarded such legal or equitable relief as may be appropriate to effectuate the purposes of Section 8.5.

And, as to her EIGHTH CLAIM, that:

     a.   She be awarded back pay;

     b.   She be awarded Reinstatement of employment or, if reinstatement is not feasible, front pay;

     c.   She be awarded the payment of wages unlawfully withheld;

     d.   She be awarded interest on unpaid wages at a rate of twelve percent per annum from the date the wages were first due;

     e.   She be awarded the payment of a penalty of fifty dollars per day for each day that the violation occurred or continued;

     f.   She be awarded liquidated damages in an amount equal to the greater of two times the amount of the unpaid wages or two thousand dollars;

     g.   She be awarded punitive damages;

     h.   She be awarded attorney fees and costs; and

     i.   She be awarded such legal or equitable relief as may be appropriate to effectuate the purposes of C.R.S. § 8-4-120.

Respectfully submitted this 18th day of November, 2022 by:

*s/ Brandt Milstein*
**Brandt Milstein**
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*