IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:22-cv-03002-GPG-SP

**CATHERINE FIELDS,** on her own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

**SKYLER ZHANG, LLC,**
**NORRISH ZHANG, LLC,**
**NEW ERA FOOD, INC,** and
**MICHAEL ZHANG**

    Defendants.

---

### PARTIAL MOTION TO DISMISS

---

Defendants, Skyler Zhang, LLC, Norrish Zhang, LLC, New Era Food, Inc, and Michael Zhang (Collectively "Zhang"), by and through its attorneys, Bechtel & Santo, respectfully requests the Court dismiss all claims against Defendants Skyler Zhang, LLC and New Era Food, Inc.  In support of its request, Zhang states the following:

    **I.**    **Conferral**

Defendant spoke to Brandt Milstein on this matter, and he indicated that the Plaintiffs oppose the relief requested herein.

    **II.**    **Statement of Facts**

1. Though the First Amended Complaint alleges that Catherin Fields was employed by all of the Defendants, this allegation is misleading.  ECF #15, para 14 and 22; *see also* Exhibit A, *Pay records and timecard entries for Catherine "Gina" Fields from Norrish*

*Zhang, LLC, a/k/a Ming's Café Glenwood Springs*. Plaintiff, Catherine "Gina" Fields, was hired as a server and performed these services solely for Norrish Zhang, LLC (a/k/a Ming's Café Glenwood Springs.) *Id*.; *see also*, Exhibit B, para 4, *Affidavit of Michael Zhang,* Exhibit C, *Affidavit of Hallie Childers.* Ms. Fields never worked nor performed any services for Skyler Zhang, LLC and New Era Food, Inc. *Id*. Given this misstatement, Defendants must provide additional evidence to support this Motion to Dismiss. ECF #15, para 14 and 22. However, Defendants' presentation of evidence on this limited issue should not require this Motion to be converted to a Motion for Summary Judgment. *See Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F.Supp. 3d 1070, 1081 (D.Colo. 2018)(indicating that evidence can be considered outside the pleadings on a Motion to Dismiss to establish contractual relationship between the parties.)

2. The businesses in question are separate and distinct legal entities that have different management, procedures, practices, schedules, and staffing levels. Exhibit B, para 3 and 6. Accordingly, Ms. Fields has no firsthand knowledge of the procedures, practices, schedules, and staffing practices of Skyler Zhang, LLC and New Era Food, Inc. as she never worked or performed services for these entities. Exhibit A, Exhibit B, para 4 and 6. Yet the First Amended Complaint implies that Ms. Fields has knowledge of the practices of these entities. ECF #15. Given that Skyler Zhang LLC and New Era Food, Inc. are managed by separate general managers, these businesses would have no ability to hire, fire, schedule, or control Ms. Field's position as a server at Norrish Zhang, LLC. Exhibit B, para 3; *see also* Exhibit C, para 6. Ultimately,

Skyler Zhang, LLC and New Era Food, Inc. had no managerial control over Ms. Fields' work at Norrish Zhang, LLC. *Id*. Rather, for the entire duration of her employment at Norrish Zhang, LLC, Ms. Fields was managed by Hallie Childers, the general manager of Norrish Zhang, LLC. Exhibit B, para 4; *see also* Exhibit C, para 2.

3. Though Mr. Zhang is the registered agent for the three business entities, he is not responsible for the day-to-day operations of the three restaurants, each has a separate general manager that manages the day-to-day operations. Exhibit B, para 3; *see also* Exhibit C, para 4.

4. Plaintiff filed a Complaint on November 18, 2022, this Complaint was served on November 29, 2022. ECF #1. The original Complaint asserted claims against Skyler Zhang, LLC, Norrish Zhang, LLC, New Era Food Inc. and Michael Zhang, indicating that each entity has violated the Fair Labor Standards Act (FLSA), Colorado Overtime and Minim Pay Standards Order (COMPS), Colorado Wage Claim Act (CWCA), Wage Theft, unjust enrichment, and retaliation as to Ms. Fields. *Id*.

5. The Plaintiff filed the First Amended Class and Collective Action Complaint for Unpaid Wages (hereinafter "First Amended Complaint") on January 18, 2023. ECF #15. The Complaint was amended to include an enterprise statement in paragraph #37, arguing that the Defendants operated as an enterprise. *Id*.

6. Defendants answered this Amended Complaint on January 31, 2023. ECF #18. And now the Defendants file this motion to have Defendants Skyler Zhang, LLC and New Era Food, Inc. dismissed from this action.

III. **Legal Argument**

### A. Legal Standard

Ms. Fields lacks the standing to assert any claims against Skyler Zhang, LLC and New Era Food, Inc as they were not her employer under the applicable laws in this case. Courts have approached this question of standing in two separate ways. *See Crumbling v. Miyabi Murrells Inlet, LLC*, 192 F.Supp.3d 640, 643 (D.S.C. 2016)(indicating that the question of "employer" under the FLSA implicates subject matter jurisdiction and should be assessed under F.R.C.P. Rule 12(b)(1)); *but see Fuentes v. Compadres, Inc. et al,* 2018 WL 1444209, *6 (D.Colo. 2018)(attached hereto as Exhibit D)(indicating that this issue of standing in a FLSA action should instead be determined under F.R.C.P. Rule 12(b)(6)).

The Defendants believe that this matter should be reviewed pursuant to F.R.C.P. Rule 12(b)(1), given that standing to bring forth an action is a fundamental principle to the Court's ability to hear the case. *See Warth v. Seldin,* 422 U.S. 490, 498 (1975)(stating that the question of standing involves "both constitutional limitations of federal-court jurisdiction and prudential limitations on its exercise."); *See also Crumbling* at 643. Ultimately, Article III of the U.S. Constitution restrict federal courts from giving "advisory opinions." *See Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F.Supp. 3d 1070, 1081 (D.Colo. 2018). Accordingly, this matter should be assessed through the requirements of F.R.C.P. Rule 12(b)(1). *Id*. When reviewing a case under F.R.C.P. Rule 12(b)(1), the burden is on the plaintiff to prove by a preponderance of the evidence that subject matter jurisdiction exists in a case. *Id*.

F.R.C.P. Rule 12(b)(6) has also been used in such cases where the standing of an individual is questioned under the FLSA. *See Fuentes* at *2. F.R.C.P. Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id*. The Complaint

must contain sufficient facts, taken as true and viewed in the light most favorable to the plaintiff, to assert a claim that is plausible. *Id.*; *citing Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The Plaintiff must plead sufficient facts to show that the claims are not mere speculation. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Under either F.R.C.P. Rule 12(b)(1) and 12(b)(6) Ms. Field's claims against Skyler Zhang, LLC and New Era Food, Inc. must be dismissed for lack of Standing to assert such claims as indicated below.

### B. Ms. Field does not have Article III standing to bring claims on behalf of employees of Skyler Zhang, LLC and New Era Food, Inc. for her wage claims.

Plaintiff brings this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, the Colorado Overtime and Minim Pay Standards Order (COMPS), 7 CCR 1103-1, failure to pay wages under the Colorado Wage Claim Act (CWCA), C.R.S. § 8-4-101, and violation of Colorado's Wage Theft Statute, C.R.S. § 18-4-401. Under the FLSA, an employee is defined as "any individual employed by employer." 29 U.S.C. § 203(e)(1). And an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee. *Id.* Courts generally consider four factors when determining whether an entity or individual is an employer under the FLSA. *See Robertson v. Board of County Com'rs of County of Morgan,* 78 F.Supp.2d 1142, 1151 (D.Colo. 1999).

An employer under the FLSA is a person or entity who:

1) Has the power to hire and fire the employee;

2) Supervises and controls the employee's work schedule or conditions of employment;

3) Determines the rate and method of payment; and

4) Maintains employment records.

*Id*. "No one factor is dispositive, but instead a court must consider the economic realities and circumstances of the whole activity. *Id*. The definitions of employer and employee in the COMPS Order and under the CWCA refer to the same definitions as indicated under the FLSA when defining employer. *See* 7 CCR 1103-1-1.5 & 1.6; *see also* C.R.S. § 8-4-101(6).

For a Plaintiff to establish Article III standing, the Plaintiff must show that "the conduct of which [she] complains has caused [her] to suffer an injury in fact that a favorable judgment will redress." *The Wilderness Soc. V. Kane County, Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011). A Plaintiff must assert their own legal rights and interests and cannot rest a claim on the rights or interests of third parties. *Id*. In the collective/class context, "[a] named plaintiff must personally have standing to bring a claim on behalf of absent class members; she cannot rely on potential class members' injuries to establish standing." *Buscema v. Wal-Mart Stores East LP, et al,* 485 F.Supp.3d 1319, 1329 (D.NM 2020); citing *Warth* at 503 (A plaintiff must demonstrate a case in controversy between themselves personally and each defendant.)

Though Ms. Fields argues that the Defendants constitute a single integrated enterprise, this enterprise argument does not make Skyler Zhang LLC and New Era Foods Inc. an employer of Ms. Fields subject to Ms. Field's FLSA, COMPS Order, CWCA, and civil theft claims. *See Crumbling* at 646. The Court in *Crumbling* examined this question of how enterprise is factored into an FLSA action. *Id*. The Court found that a determination that an enterprise exists is relevant only to the issue of whether the business is governed by the FLSA, as the FLSA has coverage provisions that determine whether an employer is bound by the requirements of the FLSA. *Id*. But the Court found that liability under the FLSA is separate from this determination and is based exclusively on the existence of an "employer-employee relationship" under the law. *Id*.; *See also*

*Fuentes* at *6 (finding that Plaintiff cannot assert claims under the FLSA against corporate defendants that the Plaintiff had not worked for and where there had been no arrangement for the Defendants to share the Plaintiff's services).

In the instant case, the First Amended Complaint misstates that Ms. Fields was employed by all the Defendants to include Skyler Zhang LLC and New Era Foods Inc. *See* ECF #15, para 14, 22; *see also* Exhibit A. But the reality is that Ms. Fields has never had an employer-employee relationship with Skyler Zhang, LLC or New Era Food, Inc. *See* Exhibits A, B, and C. Without this employer-employee relationship, Ms. Fields cannot assert claims against Skyler Zhang, LLC or New Era Foods, Inc. under the FLSA, COMPS Order, or CWCA. *See Warth* at 503.

If anything, the First Amended Complaint sets forth allegations that show that Ms. Fields, herself has never suffered any injury from Skyler Zhang LLC and New Era Food Inc. ECF #15. In the First Amended Complaint Ms. Fields uses Mr. Zhang's common ownership as grounds to establish that Defendants Skyler Zhang LLC and New Era Foods Inc. constitute an employer of Ms. Fields. ECF #15, para #36 & #37. But common ownership alone is not sufficient to establish an employment relationship between corporate entities if those entities did not themselves exercise control over the Plaintiff. *Fuentes* at *6. The First Amended Complaint cannot and does not indicate any specific allegations that show that either Skyler Zhang LLC or New Era Food Inc. exercised any control over Ms. Fields herself. ECF #15, para #36 & #37. Ms. Fields worked at Norrish Zhang LLC as a server. Exhibit A, *see also* Exhibit C. Ms. Field's indicates that the Defendants shared employees but Ms. Fields herself was never a "shared" employee. *Id*.

None of the information contained in paragraphs #36 and #37 show that Skyler Zhang LLC and New Era Food Inc. as entities exercised any control at all over Ms. Fields. ECF #15. Ms.

7

Fields makes no allegations that either entity was allowed to hire or fire Ms. Fields. *Id.* Ms. Fields makes no allegations that either entity controlled Ms. Field's schedule. *Id.* Ms. Fields does not make any allegations that show that these other entities controlled Ms. Field's work conditions or rate and method of payment. *Id.* Nor does she allege that these other entities maintain or controlled Ms. Field's employment records. *Id.* Ultimately, Ms. Fields makes no allegations other than Mr. Zhang's common ownership of these entities to establish that standing over these other entities. *Id.* Accordingly, Ms. Fields lacks standing to bring forth claims on behalf of employees of Skyler Zhang LLC and New Era Food, Inc. *Crumbling* at 646. She has not suffered an injury as to these Defendants. *Id.* Accordingly, Ms. Fields lacks standing to bring wage claims under the FLSA, COMPS Order, or CWCA against Skyler Zhang, LLC and New Era Food Inc and Claims 1, 2, 3, 4, 6, 7, and 8, should be dismissed without prejudice pursuant to F.R.C.P. 12(b)(1) as to these Defendants.

Even under F.R.C.P. 12(b)(6), Defendants Skyler Zhang, LLC and New Era Food, Inc. should be dismissed. *See Fuentes* at *6. In Fuentes, the court found that failure to allege that the Plaintiff worked for certain Defendants and failure to allege that there was any arrangement to share the Plaintiff's services, was enough to dismiss an action against certain Defendants. *Id.* In the instant case, Ms. Fields blindly asserts she performed services for all of the Defendants. ECF #15, para 14 and 22. But in the remainder of the Complaint, the Plaintiff uses the experience of others, not herself, to substantiate claims against the other entities. ECF # 15, para 24(b) (referring to an unknown cook not party to this action), para 24(c)(referring to unknown kitchen staff not party to this action), para 26(b)(referring to unknown hosts and bussers not party to this action). Ms. Fields also indicates that the Defendants subject all their employees to the same policy and

practice. ECF #15, para 25. But Ms. Fields has no firsthand knowledge of the actions of Skyler Zhang, LLC and New Era Food, Inc. as to the employees of these organizations. Exhibit A. Any statement from Ms. Fields as to these two entities is mere speculation. *See* Exhibit A and B; *see also Fuentes* at *6. Ms. Fields has not and cannot allege any claims against Skyler Zhang, LLC and New Era Food, Inc. specific to herself. *See* Exhibit A, B, and C. Accordingly, all Ms. Fields' claims against Skyler Zhang, LLC and New Era Food, Inc. should be dismissed. *Robbins* at 1247 (Plaintiff must plead sufficient facts to show that the claims are not mere speculation).

### C. Ms. Fields does not have standing to bring an action of unjust enrichment against Skyler Zhang, LLC and New Era Food Inc.

Similarly, Ms. Fields would not have standing to bring a claim of unjust enrichment against Skyler Zhang, LLC and New Era Food Inc. Unjust enrichment is a quasi-contractual that arises from "a contract implied in law." *City of Arvada ex rel. Arvada Police Department v. Denver Health and Hospital Authority*, 403 P.3d 609, 616 (Colo. 2017). To state a claim of unjust enrichment a plaintiff must show: "1) the defendant received a benefit, 2) at the plaintiff's expense, 3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Id*.

As indicated above, Ms. Fields only had a business relationship with Norrish Zhang, LLC. Exhibit A, B, and C. In her First Amended Complaint Ms. Fields did not assert how Skyler Zhang, LLC and New Era Food, Inc. received a benefit from Ms. Fields at her own expense. ECF #15. Nor could Ms. Fields argue that Skyler Zhang, LLC and New Era Food, Inc. received a benefit from Ms. Fields as Ms. Fields performed no services for these entities and had no relationship with

them at all.  Exhibit A.  Accordingly, Ms. Fields cannot bring a claim against these entities for unjust enrichment.  *City of Arvada* at 616.

### IV.  Conclusion

Ms. Fields should not be allowed to use a general assertion in her First Amended Complaint that all Defendants employed her to survive a Motion to Dismiss and bring claims against entities of which she had no employer/employee relationship and no firsthand knowledge of the practices of those entities.  *See* Exhibit A, B, and C.  Ms. Fields is attempting to bring an action against organizations using potential claims of unknown individuals.  ECF #15.  The Supreme Court has found that a person cannot bring allegations in a class action using harm to others to justify the class.  *Warth* at 503.  The plaintiff in a class action must assert a valid claim against each individual defendant.  *Id*.   Ms. Fields is using the harms of unknown individuals to assert claims against Skyler Zhang, LLC and New Era Food, Inc., yet she herself has suffered no such harm from these two entities.  Exhibit A, B, and C; *see also* ECF #15.  Accordingly, her claims as to these two entities should be dismissed for lack of standing.  *Warth* at 503.  Ms. Fields claims as to these other entities is also entirely speculative.  *See* Exhibit A, B, and C.  As a server at Norrish Zhang, LLC, she would have no firsthand knowledge of any alleged injuries suffered by employees of another at an organization with which she has no relationship.  *See* Exhibit A, B, and C.  Accordingly, Ms. Fields should not be allowed to assert claims against Skyler Zhang, LLC and New Era Food, Inc. *See Fuentes* at *6; *see also Crumbling* at 646.

WHEREFORE, Defendants requests that the Court enter an order GRANTING this Partial Motion to Dismiss and further requests the Court order that all claims indicated in the Plaintiff's

First Amended Complaint at ECF #15 be dismissed without prejudice as to Defendants Skyler Zhang, LLC and New Era Food, Inc.

Respectfully submitted this 5th day of May 2023.

BECHTEL & SANTO

By: /s/ Christina Harney
Christina Harney, #42809
Tim Wolfe, #56952
205 N. 4th Street, Suite 401
Grand Junction, CO 81501
Telephone (970) 683-5888
Fax (970) 683-5887
E-mail: harney@bechtelsanto.com
E-mail: wolfe@bechtelsanto.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that a true and correct copy of the foregoing **PARTIAL MOTION TO DISMISS** was served this 5th day of May, 2023 by sending via CMECF electronic filing to:

Milstein Turner, PLLC
Brandt Milstein
2400 Broadway, Suite B
Boulder, CO 80304
Phone: (303) 440-8780
*brandt@milsteinturner.com*

/s/ Christina Harney
Christina Harney, associate attorney